| | |
|---|---|
| DELANO MAURICE WADE, | |
| Plaintiff, | |
| v. | Case No. 25-CV-1421-JPS |
| AMANDA MCCONICO, SARAH WATSON, NIEL L. THORESON, BRIAN HAYES, and JOHN/JANE DOES, | **ORDER** |
| Defendants. | |

Plaintiff Delano Maurice Wade, a former prisoner proceeding pro se, filed a complaint alleging that Defendants violated his constitutional rights. ECF No. 1. Plaintiff paid the filing fee in full. This Order screens Plaintiff's amended complaint, ECF No. 5.

## 1. SCREENING THE AMENDED COMPLAINT

### 1.1 Federal Screening Standard

Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil

Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 1.2    Plaintiff's Allegations

Plaintiff's first issue alleges that Defendant Amanda McConico, his parole officer, intentionally imprisoned him by submitting a false report to the GPS monitoring center to secure his arrest. ECF No. 5 at 4. On December 19, 2023, Plaintiff was detained as a result of the false report. *Id.* Following his release from prison, Plaintiff could not live with his mother because he was a convicted sex offender and his address was listed as homeless. *Id.* McConico changed Plaintiff's address to his mother's address before taking

Christmas vacation. *Id.* at 5. McConico's false statement caused police to take Plaintiff into custody when he visited his mother. *Id.* Plaintiff was unable to spend the holidays with his mother, and he missed her brain surgery. *Id.* This caused Plaintiff severe emotional distress because his mother passed away only two months later. *Id.*

Plaintiff's second issue deals with McConico and her supervisor, Sarah Watson ("Watson"), forcing Plaintiff to attend the sex offender treatment program. *Id.* at 6. McConico and Watson knew that Plaintiff could not successfully complete the program because he would not admit to the sex crime for which he was convicted. *Id.* Plaintiff maintains his innocence of the crime and therefore could not admit to something he had not done. *Id.* at 7. Plaintiff needed to complete this program in order to be in minimum custody status. *Id.* McConico and Wade knew this information, but they forced Plaintiff to attend the program anyway and to receive negative reports. *Id.* at 8. McConico would use the bad reports to threaten locking him up again. *Id.* McConico made Plaintiff wait for hours for almost every office visit to torture him, and this practice continued every week for eight to nine months. *Id.*

Plaintiff's third issue deals with McConico and Watson subjecting Plaintiff to emotional distress and poverty. *Id.* at 8. Plaintiff was released from prison in December 2022. *Id.* at 9. McConico had control of Plaintiff's money and would not release it to him for months. *Id.* at 9–10. Another staff member gave Plaintiff his requested money after McConico refused. *Id.* at 11. McConico found out and threatened to lock Plaintiff up if he did not bring the money back. *Id.* McConico told Plaintiff that she always won and that he would be sorry. *Id.* Shortly thereafter, McConico filed the false report about Plaintiff's address. *Id.*

**1.3    Analysis**

The Court finds that Plaintiff's amended complaint fails to comply with Federal Rules of Civil Procedure 18 and 20. While multiple claims against a single party are fine, a plaintiff cannot bring unrelated claims against different defendants in the same case. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a) and 20(a)(2). A plaintiff may join multiple defendants in a single case only if the plaintiff asserts at least one claim against each defendant that arises out of the same events or incidents and involves questions of law or fact that are common to all the defendants. Fed. R. Civ. P. 20(a)(2); *George*, 507 F.3d at 607; *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (joinder of multiple defendants in one case "is limited to claims arising from the same transaction or series of related transactions").

Here, Plaintiff brings claims related to McConico and Wade's general treatment of him on parole from Dember 2022 to December 2023 related to their control of his money, time, and sex offender treatment. Separately, Plaintiff brings a claim against McConico for creating a false report and causing his detention in December 2023.  These two claims do not involve questions of law or fact that are common to all defendants. As such, the Court finds that Plaintiff's complaint violates Rules 18 and 20 because he seeks to bring unrelated claims against unrelated defendants. When a plaintiff has improperly joined unrelated claims against unrelated defendants, the court must reject the complaint "either by severing the action into separate lawsuits or by dismissing the improperly joined defendants." *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (citing Fed. R. Civ. P. 21). Rather than the Court deciding which claims to sever (remove from the case) or which defendants to dismiss, the Court will instead give

Plaintiff an opportunity to choose which of the above-described unrelated claims he wants to pursue in this case, and which he wants to bring in separate cases. The Court will give Plaintiff a deadline by which to file an amended complaint that focuses on the related claim(s) of his choice. If he wishes to pursue the other unrelated claims, he may file separate complaints regarding those claims. If Plaintiff fails to file an amended complaint by the deadline, the Court may dismiss his case for the failure to prosecute. In amending his complaint, Plaintiff should consider the following information as some of his claims may be barred.

Defendants may be absolutely immune from suit for any involvement in initiating revocation proceedings and revoking his parole. Courts apply a "functional approach" to decide whether the actions of a government official warrant absolute immunity, looking to "the nature of the function performed, not the identity of the actor who performed it." *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (internal citation omitted); *Jones v. Cummings*, 998 F.3d 782, 787–88 (7th Cir. 2021). Absolute immunity shields, for example, a prosecutor's conduct as an advocate that is "intimately associated with the judicial phase of the criminal process," such as initiating a prosecution and presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976). But absolute immunity does not extend to a parole officer who investigates a charge and then prepares a violation report for a revocation; such conduct lacks a "prosecutorial or judicial analog." *Wilson v. Kelkhoff*, 86 F.3d 1438, 1446 (7th Cir. 1996); *see also Dawson v. Newman*, 419 F.3d 656, 662 (7th Cir. 2005) (declining to extend absolute immunity to parole officers for performing their day-to-day duties in the supervision of a parolee).

The Seventh Circuit has found that "[w]ith regard to [a parole agent's] actions to initiate revocation proceeding, she is entitled to absolute immunity." *Mays v. Johnson*, 850 F. App'x 981, 982 (7th Cir. 2021) (citing *Tobey v. Chibucos*, 890 F.3d 634, 650 (7th Cir. 2018) (probation officer engaged in quasi-judicial function by filing memoranda requesting that state's attorney begin proceedings to revoke probation)). Specifically, with respect to Wisconsin regulations, the court noted that "parole agents have the discretion to decide how they will proceed after investigating an alleged parole violation." *Id.* Plaintiff should consider this information in determining which Defendants to include in his amended complaint.

Additionally, Plaintiff's claims may be barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). As noted above, Plaintiff filed his complaint under 42 U.S.C. § 1983. However, a petition for a writ of habeas corpus under 28 U.S.C. § 2254 "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Id.* at 481. As explained in *Heck,* a plaintiff is precluded from bringing claims for damages if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his [state criminal] conviction or sentence." *Id.* This bar applies unless the underlying conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87. This same bar applies unless a plaintiff's state court revocation proceeding has already been overturned. *See Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir. 2000) (recovery in a federal challenge "would necessarily imply the invalidity of [plaintiff's] Wisconsin parole revocation, which *Heck* instructs cannot be shown through a § 1983 suit."). Here, Plaintiff alleges

constitutional violations against Defendants that may have led to his previous revocation. It is unclear here whether Defendants' actions led to a revocation; however, the Court notes that any such claims may be *Heck*-barred.

Plaintiff may amend his complaint on or before **June 3, 2026**. When writing his amended complaint, Plaintiff should provide the Court with enough facts to answer the following questions: (1) Who violated his constitutional rights?; (2) What did each person do to violate his rights?; (3) Where did each person violate his rights?; and (4) When did each person violate his rights? Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and each Defendant with notice of what each Defendant allegedly did or did not do to violate his rights.

The Court is enclosing a copy of its amended complaint form and instructions. Plaintiff must list all of the defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaints and must be complete in itself without reference to the prior complaints. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the

amended pleading." *Id.* at 1057 (citation omitted). If an amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

**2.      CONCLUSION**

Accordingly,

**IT IS ORDERED** that the amended complaint, ECF No. 5, violates Federal Rules of Civil Procedure 18 and 20; Plaintiff must submit a second amended complaint on or before **June 3, 2026**; Plaintiff's failure to do so may result in the dismissal of this case for his failure to prosecute; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 12th day of May, 2026.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**<u>DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS</u>**. If mail is received directly to the Court's chambers, **<u>IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE</u>**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **<u>IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE</u>**.